The Burlington Insurance Company

*v.*

S. M. Johnson *et al.*

*Filed at Springfield May 27, 1887.*

1. Surety—*liability, strictly construed.* The undertaking of a surety is to be strictly construed, and his liability will not be extended beyond the precise words of his agreement, by implication or construction.

2. Same—*measure of liability limited to terms of the contract.* Where a party gives a bond, with sureties, conditioned for his faithful performance of a written contract, that contract will fix the measure of the sureties' liability; and they will not be liable for the default of their principal to perform any duty or obligation arising out of a contract, or otherwise, not fairly within the provisions of the written contract the bond was given to secure.

3. Same—*surety on bond of insurance agent—extent of his liability.* An insurance agent entered into a written contract with an insurance company for carrying on the business of the company, and at the same time gave a bond, with sureties, to the company, to secure his faithful performance of the contract. Under the contract, the company was not required to advance any moneys to the agent for any purpose, nor did the contract contain any covenant that the agent should repay any moneys advanced to him: *Held,* that the sureties were not liable on the bond for any moneys advanced to the agent, their principal, to enable him to prosecute his business for the company.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of McLean county; the Hon. OWEN T. REEVES, Judge, presiding.

Messrs. KERRICK, LUCAS & SPENCER, for the appellant:

The court below held that the bond did not cover any money advanced to the principals to pay their expenses, in excess of what was actually due them at the time. The bond mentions the contract, and provides that the Johnsons "shall well and faithfully fulfill the terms of the before mentioned contract," etc., and then provides, that they "shall well and faithfully discharge all duties devolving upon them as special agents, and shall, on demand, deliver a correct account of all sums of money as may come into their hands as special agents, and shall pay and deliver unto any authorized person, all balances, sums of money * * * which shall be due by them" to appellants.

The declaration does not count on the failure of the Johnsons to fulfill the terms of the contract, but upon their failure to pay "all balances, sums of money * * * which shall be due by them to" the appellant.

In the absence of fraud, it is immaterial how the money got into the hands of the Johnsons. The question is, after charging them with all money that comes into their hands as such agents, and giving them credit for all claims they have, is there any balance due by them to appellant? If there is, then appellees, the Johnsons, shall pay that balance or sum.

The bond is more than a guaranty that the Johnsons shall perform their contract, and the construction makes of no effect the undertaking that they shall pay all sums of money due from them as such agents.

Messrs. TIPTON & BEAVER, and Mr. A. J. BARR, for the appellees:

There is no provision in the contract between appellant and the Johnsons, that appellant was to advance to the John-

sons any money, or to pay them any money, except for expenses and money earned; and for this the mode and time of payment are carefully and specifically provided for in the contract. There is nothing in the contract or bond that required or bound appellant to advance money or to loan money to the Johnsons, and if they did so, it was outside of the contract, and creates no liability on the bond. This obligation, as against the sureties, is to be strictly construed. *Reynolds* v. *Hall,* 1 Scam. 35; *People* v. *Moore,* 3 id. 123; *Field* v. *Rawlings,* 1 Gilm. 581; *Sharp* v. *Bedell,* 5 id. 88; *Waters* v. *Simpson,* 2 id. 570.

The contract of a surety is strictly construed. *People* v. *Tompkins,* 74 Ill. 482; *Cooper* v. *People,* 85 id. 417; *Mix* v. *Singleton,* 86 id. 194; *Phillips* v. *Manufacturing Co.* 88 id. 305.

The rule is, that a surety will not be held liable beyond the precise words of his undertaking, and all doubts are generally solved in favor of the surety. *Adams* v. *People,* 12 Bradw. 380.

Mr. CHIEF JUSTICE SCOTT delivered the opinion of the Court:

This suit was brought by the Burlington Insurance Company, against S. M. Johnson and W. F. Johnson, and their sureties, on a bond. The declaration, as last amended, contains only a single count, to which the circuit court sustained the demurrer interposed by defendants, and plaintiff electing to stand by its declaration, final judgment was entered in favor of defendants. That judgment was affirmed in the Appellate Court for the Third District, and plaintiff brings the case to this court on its further appeal.

The bond declared on was given in pursuance of the fifteenth clause of an agreement entered into between S. M. Johnson and W. F. Johnson, and plaintiff. The other defendants are sureties for the principals in the bond. The contract between the principals and the insurance company, and the

bond in suit, are both set out at length in the declaration. It is averred the bond was given in pursuance of the written contract, and was to secure the faithful performance of the contract by the principal defendants. On looking into the contract, it is seen what covenants the sureties obligated themselves that the principals should perform, or in default thereof they would become liable. A rule of law having a direct application to the case, is, the undertaking of a surety is to be strictly construed, and his liability will not be extended beyond the precise words of his agreement, either by implication or by construction. Applying this well understood doctrine, the contract between the principals and plaintiff fixes the measure of the liability of the sureties, and beyond or outside of that agreement the sureties are liable for no default of their principals. It is important, then, to inquire what duties the principals owed to plaintiff under the contract they failed to perform.

It is averred in the declaration, "that after the execution of the above mentioned contract and bond, the defendants, S. M. and W. F. Johnson, entered upon the performance of such contract, and from thence, at various times, to the time of the termination of said agency, the said S. M. and W. F. Johnson requested the plaintiff to advance money to them, as such agents, to pay commissions, expenses, etc., and to enable them, the said S. M. and W. F. Johnson, to prosecute and carry on the said business of the plaintiff, as such agents, under the first mentioned contract, and with the agreement and understanding, on the part of the plaintiff and the said S. M. and W. F. Johnson, that they, the said S. M. and W. F. Johnson, on demand, would pay and return to the plaintiff any and all money so received by them, and due from them, as such agents, as aforesaid; and thereupon, to-wit, at various and divers times, and after the time of such request, on such and other like requests from the said S. M. and W. F. Johnson, the plaintiff did advance to the said S. M. and W. F.

40—120 ILL.

Johnson, as such agents, for the purpose aforesaid, large sums of money, to-wit, $10,000."

It nowhere appears in the contract that plaintiff was to advance any money to their agents for the purposes stated in the averments of the declaration, or, indeed, for any other purpose, nor does it contain any covenant they shall repay any money advanced to them. It can not be claimed, with any show of reason, the bond obligates the sureties to be responsible for the default of the principals to perform any duty or obligation arising out of a contract, or otherwise, not fairly within the provisions of the written contract between the parties, in pursuance of which the bond was entered into. That would be to enlarge the undertaking of the sureties, which the law will not permit. The money advanced to their agents, according to the averment in the declaration, is outside of the terms of the written agreement. The legal effect of the bond of the sureties is, that their principals should perform and observe all the covenants and undertakings contained in the written contract, but nothing beyond what may fairly be said to be within its terms. Should it be held the sureties are liable for moneys advanced to the agents of plaintiff, although for their business, by the same parity of reasoning they could be held liable for the default of the agents to perform any other agreement they might make with the insurance company, outside of the written contract, concerning their business. There is no warrant of law for extending the liability of the sureties to such an unreasonable extent. Clearly, the money advanced by plaintiff to its agents was not advanced under the terms of the written contract, and the sureties are not liable for the default of the agents in regard to it. It is not covered by the conditions of the bond of the sureties.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*