## Alexander Despres et al. v. Samuel Folz.

### Gen. No. 13,086.

1. BOND—*when sufficiently identifies contract which it is given to secure.* A bond which recites that the principal has entered into a contract with respect to a particular matter, is sufficient, where the contract in question is consistent with such reference, notwithstanding it may, in its scope, be broader than such reference.

2. BOND—*what change in principal's undertaking releases surety.* A surety is released from a bond given to secure the faithful performance of a contract of service where the contract in question provided that the principal should be paid a weekly salary, which was to be remitted to the surety, if a change is made, without the surety's consent, in the manner of the principal's compensation and in the method of doing business so that the risk of the surety is increased.

Action of debt upon bond. Error to the Circuit Court of Cook county; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1906. Affirmed. Opinion filed May 28, 1907.

**Statement by the Court.** This is a suit upon a bond, the condition of which is thus stated:

"The condition of the above obligation is such that whereas, said Sig. Folz has contracted to act as salesman in the employ of said Despres & Company and it is contemplated that among the duties of his employment he may from time to time collect or otherwise receive moneys or other property belonging or due to said Despres & Company;

"Now therefore, if the said Sig. Folz shall from time to time, when so requested by said Despres & Company, and also at all other times when he ought properly to do so, account for, pay and deliver over to said Despres & Company all moneys and property so collected or received or otherwise coming into his possession and belonging or due to said Despres & Company, then this obligation to be null and void, otherwise to remain in full force and effect."

It is signed by Sig. Folz as principal, Samuel Folz and nine others as sureties, of whom Samuel Folz alone was served with process. In addition to pleas afterward withdrawn or ruled out on demurrer, defendant filed three special pleas to which plaintiffs' demurrers were overruled. The substance of these pleas, with additional matter, was subsequently embodied in an additional plea, the material part of which is as follows: that on, to wit: August 21, A. D. 1899, and before the execution of said writing obligatory in plaintiffs' declaration mentioned, said Sig. Folz contracted in writing with said plaintiffs to enter their employ as salesman at a fixed salary of sixty-five ($65) dollars per month; that said written contract of employment between said Sig. Folz and the plaintiffs provided that plaintiffs were to remit each week all the salary earned by said Sig. Folz under said contract of employment, to the defendant Samuel Folz, and further provided that said Samuel Folz was to have at all times the privilege of a general supervision of any business transactions by and between said Sig. Folz and the plaintiffs; that he, Samuel Folz, accepted said contract of employment by his written

indorsement thereon, and signed said written indorsement with the full knowledge and consent of said Sig. Folz and said plaintiffs and by said written indorsement became a party to said contract of employment and all the provisions thereof; that said defendant entered into the said writing obligatory for the purpose of securing the performance on the part of the said Sig. Folz of said written contract of employment, and that the provisions for the payment of the salary earned by said Sig. Folz to defendant, Samuel Folz, and giving to said Samuel Folz the privilege of a general supervision of all business transactions between said Sig. Folz and plaintiffs were inserted in said contract of employment for the purpose of securing said Samuel Folz against loss as surety on said writing obligatory.

And defendant Samuel Folz alleges that the contract of employment referred to in the condition of said writing obligatory was and is the said contract of employment in writing between said Sig. Folz and plaintiffs aforesaid; that the manner of compensating said Sig. Folz under said written contract of employment was at the time of the execution by him, said defendant, of said writing obligatory, known to said defendant, and was communicated to him by plaintiffs, and was one of the considerations which induced him to enter into and execute said writing obligatory; that after the making and execution of said writing obligatory by Samuel Folz as aforesaid and on, to wit: January 9th, A. D. 1901, and before the defaults, or any of them, by the said Sig. Folz complained of in plaintiffs' declaration, said plaintiffs and said Sig. Folz by mutual consent, and without the consent or knowledge of defendant Samuel Folz, terminated and abolished said written contract of employment and then and there entered into a new and different contract of employment, whereby said Sig. Folz was thereafter to be paid by plaintiffs, in lieu of a fixed salary as provided in said original written contract

of employment, a commission or percentage on all sales made for plaintiffs by said Sig. Folz; that said new contract of employment contained no provision for the payment to said defendant Samuel Folz of the salary or commission earned by said Sig. Folz, as was provided in said original written contract of employment, nor any provision giving defendant Samuel Folz the privilege of a general supervision of all business transactions between plaintiffs and said Sig. Folz.

And defendant Samuel Folz further alleges that none of the defaults by said Sig. Folz, as complained of in plaintiffs' declaration, occurred before the said change in said contract of employment as aforesaid; that after the said change said Sig. Folz made numerous and divers fictitious sales for the purpose of securing his commissions thereon; that he directed the goods so sold shipped to divers fictitious persons in care of himself, and upon their arrival disposed of them to his own use, all of which fictitious sales and deliveries as aforesaid were made possible by the change in said contract of employment, whereby the risks of said Samuel Folz upon said writing obligatory were materially altered and increased, whereby defendant Samuel Folz became discharged from all liability under said writing obligatory.

A demurrer to this plea having been overruled, plaintiffs elected to abide by the demurrer, and judgment *nil capiat* and for costs was entered against them. From this judgment plaintiffs appeal.

WEISSENBACH & MELOAN, for plaintiffs in error.

CASTLE, WILLIAMS, LONG & CASTLE, for defendant in error.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

The question presented by this record is whether the pleas, demurrers to which were overruled, set up a good defense to the plaintiffs' action upon the bond.

The additional plea sets up a written agreement made some months prior to the execution of the bond sued upon.  The only words in the bond descriptive of a contract are found in the recital of the condition, viz.: "Whereas said Sig. Folz has contracted to act as salesman in the employ of said Despres & Company." The terms of the contract of employment, and whether written or verbal, the bond does not state.  Plaintiffs contend that the real question in the case is whether this is a suit upon a bond that is complete in itself or a suit upon a bond to secure the performance of some other contract, and it is urged the bond does not contain a clear reference to a then existing and definite contract, but is complete in itself.

There is no doubt the words "has contracted to act as salesman in the employ," etc., refer to a contract, either verbal or written.  It is equally true, however, that the written contract set up in the plea contains more than a mere contract to act as salesman.  Its first clause is a complete contract of employment in that capacity.  The plea states that "Sig. Folz contracted in writing with said plaintiffs to enter their employ as salesman at a fixed salary of sixty-five dollars per month."  This corresponds with the reference in the bond.  There are, however, additional provisions of the alleged contract as set up in the plea, not necessarily a part of a contract "to act as salesman."  The first of these is to the effect that the employers were to pay the employe's salary to one of the bondsmen, the defendant herein; the second, that said bondsman was to have at all times supervision of the business transactions between the employers and the employe; and it appears that said defendant himself was, as he claims, a party to the contract which he says he accepted by his written endorsement thereon.

In Stearns on Suretyship, sec. 143, cited in behalf of plaintiffs, it is said:  "A bond is executed to secure some other contract between the principal and the ob-

ligee. . The terms of that contract are a necessary part of the bond, and for convenience as well as to avoid mistake in the 'exact terms of the obligation assumed, it is usually deemed sufficient to incorporate the main contract in the bond by reference, thus making it part of the bond, the same as if fully set out. A mere reference, however, without reciting in the bond the substance of the contract referred to, would be void for uncertainty, such as a reference to a building contract, and the plans and specifications, without designating other facts to identify what building is referred to. If the main contract is broader in its scope than the limits fixed in the bond, a reference to the contract will only incorporate so much of the same as is within the limits of the terms of the bond."

Plaintiffs' claim is that the contract described in the plea "is broader in its scope" than the limits of the contract of Sig. Folz to act as salesman, as fixed in the bond; that the reference to such contract in the bond, incorporated therein only so much, if any, of the contract set up in the plea "as is within the limits of the terms of the bond." It is urged that the one point to be determined is, "does the word 'contracted' used in this bond incorporate some other distinct and independent contract made by the parties, into the bond, and did the sureties upon this bond bind themselves to the performance of such other and independent contract, or is the bond complete in itself;" that a prior or contemporaneous contract cannot be read into a bond unless the bond by some apt reference identifies the contract and that parol evidence is not admissible to connect the two; that it would require parol evidence to identify the contract alleged to be in writing set up in the plea with the mere contract to act as salesman described in the bond sued upon, and that the bond is complete in itself without reference to any outside agreement, verbal or written. In support of their views plaintiffs cite Domestic Sewing Machine Co. v. Webster, 47 Iowa, 357, in which it

was held that the bond and agreement were independent of each other and parol evidence was not admissible to show that the surety's liability was measured by the agreement. In that case, however, there was no reference in the bond, as there is in the case at bar, to the agreement sought to be connected with it, and which the court said was "quite different from the one which upon the face of the bond" the defendant "appears to have assumed." It was held that the two had "no necessary relation to or dependence upon each other." Hence it was said that "if any relation exists between them it must be established by parol testimony," which would, it was said, violate the rule that "parol contemporaneous evidence is inadmissible to contradict or vary the terms of a valid written instrument." In the present case a contract of Sig. Folz to act as salesman for plaintiffs is expressly referred to in the bond and such contract corresponds in all respects to that extent with the written contract set up in the plea. A relation is therefore established by the terms of the instruments between the written contract and the bond. The other provisions of the written contract are in no sense inconsistent with the bond although not essential to a mere contract of employment. Nor do any of the provisions of the written contract vary the terms of the bond nor tend to enlarge its scope. Parol evidence to identify the written contract as the one referred to in the bond would not tend to vary the terms of the writing obligatory nor to enlarge the liability under it. In Am. & Eng. Ency. of L. (vol. 21, p. 1116) it is said, with numerous citations, that "where a written agreement refers to another writing, parol evidence is admissible to identify the writing referred to and thus to connect the two instruments. The cases go even further than that, for where a reference is found to something which may be either a conversation or a written document, evidence is admissible to show which it is, and if it is proved to be a written document, it may be put in

evidence and so connected with the one already admitted or proved. And when papers thus connected and read together show a complete and unambiguous agreement, they must speak for themselves and the agreement which they disclose cannot be varied or contradicted by parol evidence." We are of opinion that in the case at bar parol evidence could be admitted in support of the allegation of the plea, that the contract referred to in the bond is the written contract set out in the plea.

The contract of employment referred to in the bond having been disclosed by the additional plea, did the change in the mode of compensation of the employe from payment of a fixed salary to payment by commission on sales averred in the plea discharge the defendant as surety under the bond? The reasonable construction of the bond in the light of the written contract is that the defendant would be liable for the defaults of the principal so long as the latter's weekly salary fixed in the contract was remitted to the defendant and he was, permitted to have supervision of the business transactions between his principal and the plaintiffs. To hold the defendant liable, when by the change in the principal's compensation and in the method of doing business whereby the principal was tempted and enabled to make fictitious sales and deliveries of goods, free from defendant's supervision, the latter's risk was obviously increased, "would be to enlarge the undertaking of the sureties which the law will not permit." Burlington Ins. Co. v. Johnston, 120 Ill. 622-626; Sewing Machine Co. v. Langham, 9 Bissell, (U. S.) 183-186. We do not regard Amicable M. L. I. Co. v. Sedgwick, 110 Mass. 163, and Sanderson v. Aston, 8 Excheq. cases, 73, as in point.

For the reasons indicated, we are of opinion the demurrer to the additional plea was properly overruled. The judgment of the Circuit Court will therefore be affirmed.

*Affirmed.*