## COURSEY et al. v. VOLUNTEER STATE LIFE INS. CO.

### No. 9449.

Court of Civil Appeals of Texas. San Antonio.

Nov. 8, 1934.

Rehearing Denied Nov. 28, 1934.

Paul H. Brown, of Harlingen, for appellants.

C. C. Bryant, of Harlingen, for appellee.

MURRAY, Justice.

Appellee, Volunteer State Life Insurance Company, as plaintiff, brought this suit against appellants, J. I. Coursey and John A. Crockett, as defendants, seeking to recover the sum of $370, together with interest and attorney's fees alleged to be due it under the terms of a fidelity bond signed by I. H. Hollingsworth, as principal, and the appellants.

as sureties. The bond which was executed on September 5, 1931, is as follows:

"Agent's Surety Bond
"The Volunteer State Life Insurance Company
"Chattanooga, Tennessee
"State of Texas, County of Cameron, ss.

"Whereas, the Volunteer State Life Insurance Co., has employed I. H. Hollingsworth as an agent and whereas said agent may become indebted to said Company for moneys advanced and will become liable to transmit to the Company nets due on premiums collected for insurance on business sold by him personally, and/or all other moneys received by him for transmittal to the Company, which said sums it is contemplated will be promptly paid said Company by said agent, but said Company desires to secure the payment of all moneys due them by said agent in any event:

"Now, therefore, in consideration of the premises, We, I. H. Hollingsworth, as Principal Surety and J. I. Coursey and Jno. A. Crockett, as Sureties, acknowledge ourselves firmly bound, jointly and severally, to the Volunteer State Life Insurance Company in the full and penal sum of $400.00, the payment of which at Chattanooga, Tennessee, well and truly to be made, we bind ourselves, our heirs, executors and administrators; Conditioned, that in event said agent shall faithfully perform his contract with the said Volunteer State Life Insurance Company and shall pay to said Volunteer State Life Insurance Company all sums of money due it and all sums which he is obligated to transmit to it under his contract, then this obligation to be void; otherwise, to remain in full force and effect. It is expressly agreed that if there is a breach of the conditions of this bond and it is placed in the hands of an Attorney for collection, the makers and surety, or sureties, will pay all costs and a reasonable attorney's fee. The Surety or Sureties hereunder waive notice of acceptance of this bond, and waive demand on the principal and notice of any default by the principal.

"Witness our hands this 5 day of September, 1931.
"Signature of Principal
"I. H. Hollingsworth    [Seal]
"Signature of Surety
"J. I. Coursey          [Seal]
"Signature of Surety
"Jno. A. Crockett       [Seal]."

On July 22, 1931, prior to the execution of the bond, Hollingsworth had entered into a contract with appellee in which he agreed to solicit insurance business for the company, and agreed to remit to the company all premiums and other moneys received, less any commissions due him under the contract. On September 12, 1931, and subsequent to the execution of the bond, appellee and Hollingsworth entered into another agreement in the form of a letter, whereby appellee company agreed to make certain advances to Hollingsworth. This suit is brought to recover for these advances made pursuant to this agreement and not repaid by Hollingsworth.

The trial was to a jury, and resulted in judgment for appellee against the sureties on the bond, from which judgment the sureties have appealed.

The question here presented is whether or not the above bond would render the sureties liable for the advances made to Hollingsworth in accordance with the agreement expressed in the letter of September 12, 1931. The bond contains three parts, to wit: First, a preamble; second, an obligation; and, third, a condition in the nature of a defeasance. The preamble has no particular legal significance; the obligation binds the principal and sureties to pay to appellee the sum of $400; and the condition or defeasance provides that the obligation shall be void if the principal shall faithfully perform his contract with appellee and pay to appellee all sums of money due it and all sums which he is obligated to transmit to it under his contract.

It is admitted by appellee in its brief that Hollingsworth paid to appellee all sums of money due it, and all sums which he was obligated to transmit to it, under his contract dated July 22, 1931, but it is contended that he has not repaid advances made to him as provided for in the letter of September 12, 1931.

When Hollingsworth did what was required of him in the condition clause, the obligation of the bond was at an end and became void. The fact that there was a mention of advancements in the preamble to the bond and the fact that advances were made under a subsequent agreement would not in any way bind the sureties. The original contract had no provision for advancements, and Hollingsworth did not violate his original contract, the faithful performance of which was guaranteed by this bond, by failure to pay advancements made under a subsequent agreement. When the condition was fulfilled, the obligation became null and void and the preamble of no consequence. May v.

Chicago Crayon Co. (Tex. Civ. App.) 147 S. W. 733.

In Burlington Insurance Co. v. Johnson, 120 Ill. 622, 12 N. E. 205, the Supreme Court of Illinois held that a corporate agent's bond for the faithful performance of his duties, requiring an account of all money or property coming into his hands, does not cover advances made to him by the company.

Accordingly, the judgment below will be reversed and judgment here rendered that appellee take nothing and pay all costs of this and the court below.

Reversed and rendered.