## BYINGTON *v.* SHERMAN.

### Opinion delivered June 12, 1897.

BOND OF COLLECTING AGENT—CONSTRUCTION.—Where a general agent of an insurance company, in appointing a sub-agent, takes from the latter a bond to himself reciting the liability of the obligee to the company for the obligor's acts, and conditioned that the obligor shall pay to the obligee "all moneys which he owes or may hereafter owe" him, such bond is not to be construed to cover all debts due from the obligor to the obligee, but only those which relate to the agency. (Page 192.)

CONTRACT—OFFSET.—A provision contained in a contract attached to a bond for the faithful performance by the principal of his duties as collecting agent that the obligees may offset against any claims under the contract "any debt or debts" due by the agent to them does not authorize the obligees to maintain an independent action against the obligors on a debt due to them from such agent. (Page 193.)

Appeal from Jefferson Circuit Court.

JOHN M. ELLIOTT, Judge.

#### STATEMENT BY THE COURT.

This is an action upon a bond executed by George W. Byington, an insurance agent, under the following circumstances: The plaintiffs, Byron Sherman, Gordon E. Sherman, Joseph E. Baker, and James E. Baker, doing business under

the firm name of Sherman, Son & Baker, were general agents of the Mutual Life Insurance Company of New York, with power to appoint agents for the purpose of soliciting insurance and collecting moneys due upon policies of said company. As such general agents of said company, Sherman, Son & Baker on the 23d day of January, 1891, appointed Byington an agent of said company, and took from him the bond in question for the faithful performance of his duties as such agent.

The recitals and conditions of the bond are as follows: "The condition of the above obligation is such that whereas, the above named Byron Sherman is general agent of the Mutual Life Insurance Company of New York, with power (revocable at the will of said company) to appoint and employ agents for the purpose of soliciting and procuring applications for insurance in said company, and of collecting and transmitting, subject to the rules and instructions of said company, moneys which may become due and payable on account of policies issued by said company, within the jurisdiction represented by said general agent; and whereas, said general agent is personally liable to said company for the faithful and prompt performance, not only of his own duties to said company, but also for the acts and omissions of all persons appointed or employed as aforesaid; and whereas, the above bounden Geo. W. Byington has been appointed by Byron Sherman, Gordon E. Sherman, Joseph E. Baker and James E. Baker, a firm doing business as Sherman, Son & Baker, general agents in and for the territory represented by said Byron Sherman, their agent, for the purposes aforesaid: Now, if the said Geo. W. Byington shall faithfully discharge the duties of soliciting and collecting agent, as aforesaid, for the said general agents, in accordance with the rules and regulations for the government of agents, as the same shall be from time to time adopted by said company, and shall pay over all moneys collected and received by him as such soliciting and collecting agent, whether the same shall be or shall have been received by him personally and solely, or by, through, or together with any co-partner, co-agent, sub-agent or other person, including all moneys so received prior to the date of this instrument (if any such there be), as well as that received thereafter; as also all

moneys which he now owes, or may hereafter owe, said general agents, either on account of advances to him or otherwise, and shall faithfully discharge the duties of said agent, then this obligation shall be void; otherwise, to remain in full force and effect."

Afterwards in February, 1894, this action was brought against Byington, principal, and N T. Roberts and V. D. Wilkins, sureties, on said bond to recover $516.20, alleged to be due plaintiffs in accordance with the terms of the bond. Upon the trial it was shown that $200 of the amount claimed by plaintiff was for money loaned Byington by the plaintiffs on November 18, 1890, before he was appointed agent, which loan had no connection with his agency. The evidence tended also to show that an item of $15.99 was for interest upon this note, given for the $200 borrowed money. There was a verdict and judgment for the sum of $458.67.

*Austin & Taylor*, for appellants

The sureties were not liable for any items antedating the bond. 8 Mo. App. 37. The sureties only became responsible for the faithful conduct of Byington as agent, and never intended to pay any old debts of his. There is nothing to show that they knew or were informed that Byington owed a debt of any character at the time they signed. The recital of the bond is the guide to its meaning, and the conditions may be restrained by the recitals. 6 Q. B. 514; 51 E. C. L. 514; 2 M. &. S. 370; 4 Taunt. 593; 2 B. & Ald. 431; 1 T. R. 287; ·6 East, 507; Brandt on Sur. & Guar. § 138.

*J. M. & J. G. Taylor*, for appellees.

It was expressly stipulated in the bond that the sureties were liable for all moneys received prior to the date of the instrument as well as that received afterwards. 20 So. Rep. 587; 63 Fed. Rep. 59; 9 Ala. 42; 38 Cal. 208; 35 Pac. 1048; 101 *id*. 483.

RIDDICK, J., (after stating the facts.) It seems clear from the evidence that, so far as appellant Byington is concerned, the claim of appellées is just and fully established. But this is an action upon a bond executed by Byington for the faithful

performance of his duties as agent, and the question arises whether appellants, Roberts and Wilkins, sureties upon such bond, are by its terms liable for money loaned to said Byington before his appointment as agent, and the failure to pay which money involves no violation of his duties as such agent.

This bond, the material portions of which have been set forth in the statement of facts, contains, among other stipulations, the condition that Byington shall pay over "all moneys which he now owes or may hereafter owe said general agents, either on account of advances to him or otherwise." The learned judge of the circuit court was of the opinion that, under this condition of the bond, the sureties were liable for money loaned to Byington before his appointment as agent, and before the execution of the bond, although such loan had no connection with his agency. If this language of the bond stood alone, we might concur in the ruling, but this general language must be construed with reference to the object and purpose of the bond, which was made only to secure the faithful performance of duties assumed by Byington as agent of appellees and the insurance company. The words of the recital in the bond, "which afford the best ground for gathering the meaning of the parties," make this purpose plain beyond question. *Hassell* v. *Long*, 2 Maule & S. 363.

Now it seems reasonable, when we consider the object and purpose of the bond, to construe the stipulation that Byington should pay over "all moneys which he now owes or may hereafter owe said general agents, either on account of advances to him or otherwise," as having reference only to sums advanced to him or owed by him in connection with his agency, for the performance of the duties of which he executed the bond. In other words, as this bond was executed by Byington for the faithful performance of his duty as agent, and as the evidence shows that it was his duty, as agent, to solicit insurance and make collections for the appellees, and also that appellees, as general agents, were from time to time to make advances of money to Byington, to enable him to carry on the business of his agency, which advances he was under obligations to repay, we are of the opinion that his sureties are liable for his failure to pay over such collections and advances, and all other sums due in the

line of his agency, but not for debts having no connection there-with. This construction, in our opinion, does no violence to the language of the bond, is in accordance with what seems to have been the intention of the parties, and is sustained by the adjudged cases, which show that general expressions in a bond may within reasonable limits be controlled by its recitals, and by a consideration of the object and purpose of the bond. *Hassell* v. *Long*, 2 Maule & S. 363, opinion by Lord Ellen-borough; *London Assurance Co.* v. *Bold*, 51 Eng. Com. Law, 514; *Sanger* v. *Baumberger*, 51 Wis. 592; *Bell* v. *Bruen*, 1 Howard (U. S.), 169; 1 Brandt, Suretyship (2 Ed.), § 166; Murfree, Official Bonds, § 182, and cases cited.

Had the money been loaned to Byington in expectation of his appointment as agent, and for use in the line of his agency, there might be ground for holding the sureties liable therefor, although the loan was made before his appointment as agent, but the money was not advanced in anticipation of the agency. At the time it was loaned, the appellees had no intention of making Byington their agent, and the loan had no connection with the agency.

Our attention is further called by counsel for appellees to a provision in the contract attached to and made a part of the bond, to the effect that "said general agents may off-set, against any claims under this contract, any debt or debts due by said agent to said general agents." If this was an action by Byington against appellees for a debt claimed to be due him, it is doubtless true that this item of $200 due them from him might be used as a set-off; but Byington is making no demand against appellees, and it is not easy to see how this item is to be used as a set-off when he is claiming nothing against them. Nor can we agree with counsel that the evidence shows that appellees had already exercised this right of set-off by the application of sums due from them to Byington to the payment of this note. On the contrary, we think the evidence shows that this note for $200 loaned Byington is still unpaid, and appellees are endeavoring in this action to hold the sureties liable for its payment, which they have no right to do.

If, from the amount of appellees' demand, we deduct the two items amounting to $215.99, which the evidence tends to

show was due from Byington.on matters having no connection with his agency, we have left the sum of $300.21. The evidence convinces us that this amount at least is due appellees, and the judgment to that extent is right. If, therefore, they will remit the excess of the judgment above this amount, the judgment for the remainder will be affirmed; otherwise, it will be reversed, and a new trial ordered.

BUNN, C. J., and WOOD, J., being absent, did not participate in the decision of this case.