# CASES DETERMINED

# SUPREME COURT OF ARKANSAS

## KAUFMAN v. MARSHALL.

### Opinion delivered December 7, 1908.

INDEMNIFYING BOND OF AGENT—CONSTRUCTION.—Where a general agent of an insurance company, in appointing a sub-agent, took from him a bond which, after providing for the faithful discharge of his duties as insurance agent and the faithful accounting for all moneys due on policies, renewals, etc., recited that the sureties were liable to the obligee "for all moneys advanced to said agent, and for all indorsements on notes, and for any other indebtedness," such bond obligated the agent to pay collections and advances and all other sums due in the line of his agency, but not to pay debts having no connection with the agency.

Appeal from Yell Chancery Court; *Jeremiah G. Wallace,* Chancellor; affirmed.

#### STATEMENT BY THE COURT.

W. H. Marshall and H. S. Cline filed suit in the Yell Chancery Court against Fay Bridges, Louis Lorch, Max Kaufman and the State Life Insurance Company of Indianapolis, Indiana. They alleged that prior to the 18th of October, 1905, Louis Lorch was acting as agent of the State Life Insurance Company of Indianapolis, Indiana, with headquarters at the city of Dardanelle, for the purpose of doing a general life insurance business. That Max Kaufman was a brother-in-law of Lorch, residing at Dardanelle, and engaged in a brokerage business. That Lorch employed one Fay Bridges as agent to perform services under him for the said life insurance company, and that he required of said Bridges a bond; and that said Bridges induced the plaintiffs to execute with him a bond as agent of said Lorch, which they understood to be a bond to said insurance company, but which

in fact was a bond to said Lorch. They alleged other matters which are not necessary to set forth.

They charged that they were induced by fraudulent representations to execute said bond, or rather two bonds (probably one was a duplicate of the other) ; but, under the view taken of the case by the court, these allegations are immaterial.

They alleged that Bridges executed to Lorch the following notes: October 24, 1905, for $2; October 25, 1905, for $200; October 28, $42; October 30, $10; November 4, $2; November 6, $200; November 13, $100; November 24, $100; December 4, $62.50; same date, $250. That since the execution of said notes Lorch, in the furtherance of a fraudulent and corrupt scheme participated in by Kaufman, Bridges and himself, for a pretended valuable consideration, assigned said notes to Kaufman, together with the bond executed by them, which was assigned pretendedly as collateral security for the payment of said notes.

They further alleged that, in addition to the fraudulent scheme set forth, the money paid to Bridges was in excess of, and not in keeping with, the purposes of the bond; and they denied that they were liable for that reason. They alleged that it was wholly unnecessary, in order to enable Bridges to carry on the business as contemplated by the bond, to have advanced to him any sum of money whatever; and that, if any money had been so advanced to him, it was not for the purpose of his agency, and they are not liable upon it for such advances; and in no event could they be liable upon it for the indiscriminate borrowing of money upon it, regardless of the purposes of the bond.

They prayed a restraining order against the advancing of any further money to Bridges, and restraining the defendants from creating any liability on said bond; that the bond be cancelled as a fraud upon them, and that the defendants be required to state an account between them, to the end that, if any liability on the bond had accrued, the plaintiff's rights might be protected. The bond was as follows:

"Know all men by these present that we, Fay Bridges, of Dardanelle, in the county of Yell and the State of Arkansas, as principal, and William H. Marshall, of Blaine, in the county of Logan and State of Arkansas, and H. S. Cline, of Blaine, in the

county of Logan, in the State of Arkansas, are held and firmly bound unto Louis Lorch or order in the penal sum of one thousand dollars, lawful money of the United States. We bind ourselves, our heirs, executors and administrators, jointly and severally, firmly by these presents sealed with our seals, and dated the 18th day of October, one thousand nine hundred and five.

"Whereas, the said Louis Lorch, by a contract in writing, dated the 18th day of October, has appointed the said Fay Bridges his agent, and (he) has accepted such appointment. Now, the conditions of the above obligation are such that, if the said Fay Bridges shall well and truly perform all the duties of his office as agent of the said Lorch (Louis), and shall faithfully account for all money of said Louis Lorch by him received, and shall promptly and faithfully account for and pay over to the said Louis Lorch all money due on policies or renewals passed through the agency of the said Fay Bridges, or return the policies or renewals in due time to said Louis Lorch, and shall properly preserve and deliver, when requested, all books, papers and property of every kind belonging to said Louis Lorch, and shall otherwise fully do and perform all that is required by the said appointment, then this obligation will be null and void; otherwise to be in full force and virtue.

"It is understood that the said sureties shall be liable to said Louis Lorch for all moneys advanced to said agent, and for all indorsements on notes, and any other indebtedness. It is understood that this bond shall remain in force until another bond, approved by said Louis Lorch, shall be substituted in its place, and shall cover all liabilities and delinquencies of the said agent or agents to the said Louis Lorch, whether as sole or joint agents, with any other person or persons. The sureties hereto hereby expressly waive notice of any change in the terms of the agreements or agreements appointing such agent or agents; the said Louis Lorch to vary the same from time to time as may be agreed upon."

Max Kaufman filed a separate answer and cross-complaint, in which he denied all the allegations of fraud and conspiracy set forth in the complaint, and alleged that all the notes were purchased from Lorch in due course of trade and before maturity, without any notice or knowledge whatever of any irregulari-

ties, frauds or impositions practiced upon the said plaintiffs, and that he was an innocent owner and holder of said notes for a valuable consideration. That, under the terms and conditions of the bond, Bridges, Marshall and Cline were jointly and severally liable to the defendant for the principal and interest on said notes; and he attached copies of said notes, together with a copy of the bond, as exhibits to his cross-complaint. He prayed judgment against Bridges as maker, against Lorch as indorser, and against Marshall, Cline and Bridges as makers of the bond.

Lorch filed a separate answer, denying all the charges of fraud and conspiracy, and alleged that he advanced the money set forth in the complaint, and evidenced by the notes, to Bridges to enable the said Bridges to work up and establish a life insurance business as the agent of the defendant and the said life insurance company, and that he, being hard pressed for money, sold and indorsed the same to Kaufman, his brother-in-law, for a valuable consideration, before maturity and without any notice or knowledge or intimation of any irregularities or fraud connected with the execution of the bond, if there were any; that, under the terms of his contract, he was to, and did, advance to said Bridges all money necessary to develop said life insurance business; and that under the rules and regulations of the life insurance company Bridges was required to enter into a bond with good and sufficient security to the said Lorch and the said life insurance company for the faithful performance of his duty, and to account for and pay over all moneys to Lorch or the life insurance company, or either of them, for matters growing out of said business; and that the bond tendered by Bridges was accepted by defendant in good faith as such bond. He asked for a dismissal of the complaint.

The life insurance company answered, disclaiming any interest in the subject-matter of the suit.

Marshall and Cline replied to Kaufman's cross-complaint, in which they denied that he was the purchaser in due course of trade, before maturity and without any notice or knowledge of any irregularities or frauds or impositions practiced by Bridges, of the notes in question; denied that he was an innocent holder and owner of the notes for a valuable consideration. They further denied that they are liable to Kaufman for the said notes,

by reason of any bond executed by them or for any other reason.

On the trial of the case neither Lorch nor Bridges testified; and, as the case is disposed of on the testimony of Kaufman, it is only necessary to set forth his testimony in order to understand the decision of the court.

Kaufman testified in substance as follows: That he frequently buys notes from customers. That Lorch brought him a two-dollar note and a hundred dollar note and the bond of Marshall and Cline. He knew Marshall and Cline to be good for their contracts, and agreed to take the notes for eighty cents on the dollar, and Lorch assigned them to him, and he paid him that amount therefor. That afterwards Lorch brought him five or six notes, and he went to lawyers and submitted the bond to them, and was told that it was good. That he only saw the one bond. He took the paper because $200 out of $800 "looked mighty nice." He denied that he had testified before the grand jury of Logan County that he had agreed, before the purchase of the papers, for a distribution of the proceeds between Lorch, Bridges and himself. Said he had no interest in Lorch's business; that he had advanced money to Lorch, and had nothing to do with Bridges; he had nothing to do with the amount that Lorch advanced to Bridges; that Lorch brought him these notes, as he said he (Lorch) needed the money, and he paid eighty cents on the dollar for them. There is no testimony whatever as to the purposes for which Bridges required the advances made to him through the notes discounted to Kaufman. Evidence was adduced as to testimony of Bridges before the Logan County grand jury, tending to prove that there was an agreement that the money raised on these notes would be paid one-half to Bridges, thirty per cent. to Lorch and twenty per cent. retained by Kaufman; and this is denied by Kaufman. There is a failure of proof as to the necessity of this money, or any part of it, being furnished for the use of the insurance business as conducted by Bridges, other than some statements before the grand jury that it was customary to advance agents $25 a week. The evidence of these statements was excluded, other than on the issue of liability of Lorch and Bridges.

There was considerable testimony as to representations that had been made to Cline and Marshall, and as to the testimony of

Kaufman, Bridges and Lorch before the grand jury of Logan County, none of which is material to the issue determining the appeal.

The chancellor dismissed the cross-complaint of Kaufman, and sustained the prayer of the complaint; and Kaufman and Lorch have appealed.

*Chas. C. Reid* and *Wm. L. Moose,* for appellant.

*Robert J. White,* for appellees.

HILL, C. J., (after stating the facts.)  Marshall and Cline brought suit in chancery against Kaufman and others, seeking to cancel a bond which they had executed as sureties for Bridges to Lorch.  Kaufman and Lorch sought to sustain the bond, and Kaufman brought a cross-complaint, in which he sued upon notes executed by Bridges to Lorch which had been transferred to him by Lorch, and which he sought to recover upon against Lorch on his indorsement, against Bridges as maker, and against Bridges, Marshall and Cline as signers of the bond.  The chancellor gave Cline and Marshall the relief prayed, and denied Kaufman relief upon his cross-complaint.  Kaufman and Lorch have appealed, but Bridges has not.

It is immaterial whether the action of the chancellor upon the complaint was correct or not, because the court is convinced that Kaufman and Lorch have no action under the evidence here upon the bond.  The chancery court had jurisdiction of the cause by reason of the allegations of the complaint, and Kaufman elected to sue upon his notes in that court upon a cross-complaint; and the issue upon the cross-complaint determines the whole controversy between them as effectually as the issues upon the complaint.

In *Byington* v. *Sherman,* 64 Ark. 189, the controlling question in this case was settled.  That was an action upon a bond executed by an insurance agent for the faithful performance of his agency, and contained a clause obligating the agent to faithfully perform the various matters therein specified, and to pay over all moneys collected and received by him as such soliciting and collecting agent, "as also all moneys which he now owes, or may hereafter owe, said general agents, either on account of

advances to him or otherwise." The court, through Mr. Justice
RIDDICK, said:

"Now, it seems reasonable, when we consider the object and
purpose of the bond, to construe the stipulation that Byington
should pay over 'all moneys which he now owes or may here-
after owe said general agents, either on account of advances to
him or otherwise,' as having reference only to sums advanced to
him or owed by him in connection with his agency for the per-
formance of the duties of which he executed the bond. In other
words, as this bond was executed by Byington for the faithful
performance of his duty as agent, and as the evidence shows that
it was his duty, as agent, to solicit insurance and make collections
for the appellees, and also that appellees, as general agents,
were from time to time to make advances of money to Byington,
to enable him to carry on the business of his agency, which ad-
vances he was under obligation to repay, we are of the opinion
that his sureties are liable for his failure to pay over such col-
lections and advances, and all other sums due in the line of his
agency, but not for debts having no connection therewith. This
construction, in our opinion, does no violence to the language of
the bond, is in accordance with what seems to have been the in-
tention of the parties, and is sustained by the adjudged cases,
which show that general expressions in a bond may within rea-
sonable limits be controlled by its recitals, and by a consideration
of the object and purpose of the bond." And many authorities
were cited to sustain this position.

The bond at bar, after providing for the faithful discharge
of his duties as insurance agent, and the faithful accounting for
all moneys due on policies, renewals, etc., provides further: "It
is understood that the said sureties shall be liable to said Louis
Lorch for all moneys advanced to said agent, and for all indorse-
ments on notes, and for any other indebtedness." It will be
seen therefrom that this clause is no broader than the one in *By-
ington* v. *Sherman, supra;* and it must be held in this case, as it
was in that one, that the obligation of the bond is for the prin-
cipal's failure to pay over collections and advances and all other
sums due in the line of his agency, but not for debts having no
connection therewith. Issue was made in the pleadings as to
whether the advancements to Bridges were in the line of his

agency, but no proof was adduced to sustain the allegations of Lorch's answer to that effect, and none upon the similar allegation in the cross-complaint. In order for Kaufman to hold Cline and Marshall upon the bond for the notes which he had purchased from Lorch, which had been executed by Bridges to Lorch, it was necessary for him to prove that the money represented by these notes was advanced by Lorch in the line of Bridges' agency for the purpose of his insurance business. Marshall and Cline were not parties to the notes, and they could only be made liable upon them by showing that the notes were based upon liabilities which the bond was executed to secure. This Kaufman wholly failed to do, and therefore he has failed to make out a case against them, and is not entitled to any relief on his cross-complaint against them. He would, of course, be entitled to a judgment against Bridges upon his notes, and against Lorch upon his indorsements. But those are not issues between Kaufman and Marshall and Cline; and this appeal has brought up only the issues between him and Lorch on the one side and Marshall and Cline on the other as to their liability on the bond for the payment of the notes sued upon.

The arguments have been directed principally to attacking on the one side, and sustaining on the other, the original complaint; but, as heretofore indicated, if Kaufman has no remedy against Marshall and Cline upon the notes, it is immaterial whether it was properly sustained or whether it should have been dismissed—the whole controversy is as completely raised on the cross-complaint as upon the complaint. If the complaint should have been dismissed, the cross-complaint of Kaufman should likewise have been dismissed. Kaufman is here asking affirmative relief upon his cross-complaint, as well as relief against the granting of the prayer of the complaint, in which appeal he is joined by Lorch; and, as this decision goes to the core of the controversy, it is unnecessary to go into the incidental and collateral issues that have grown up about it.

The judgment is affirmed.