The orders are without statutory authority express or implied.

*Appeals sustained.*

All concurred.

Strafford, }
Oct. 4, 1932. }

VALLIANT W. KENNEY *v.* JEREMIAH BARRY, *& a.*

*Conrad E. Snow,* by brief, for the plaintiff.

*Hughes & Burns,* by brief, for the defendants.

MARBLE, J. On June 16, 1929, the plaintiff as general agent of the Connecticut Mutual Life Insurance Company entered into an

agreement with Jerry J. Carroll, by the terms of which Carroll was to solicit and procure applications for life insurance in Dover. It was a condition of the bond that Carroll should "pay and discharge all his indebtedness to said General Agent as provided under the aforesaid contract, and any supplemental agreements thereto." The contract required Carroll "to account, according to the first party's instructions for that purpose, for all policies, premium and other receipts, vouchers, drafts, moneys, and valuable papers received by the second party from the first party or from any person for the first party's account."

"The expression '. . . to account for,' . . . stands in opposition to the right of appropriation to one's own use and benefit." *Thomas* v. *Mahan*, 4 Me. 513, 520; *United States* v. *Rehwald*, 44 Fed. Rep. (2d) 663, 664.

For about eight months after the execution of the contract the plaintiff advanced to Carroll approximately $35 a week, and this action is brought to recover the balance due the plaintiff, credit having been given Carroll for the commissions earned. According to the plaintiff's statement, these advances were made in order that Carroll might have funds to cover living expenses until such time as his commissions would adequately provide for him. Assuming this to be true, the funds were not moneys to be accounted for within the meaning of the contract. Carroll received the payments personally and not in his capacity as agent. He therefore became the plaintiff's debtor and was not a trustee of the funds.

Since the bond is expressly conditioned upon fulfilment of the contract, the two instruments are to be construed together. *Brown* v. *Whipple*, 58 N. H. 229, 231. The bond covers only indebtedness arising under the contract. The contract contains no express provision relating to advances, and the defendants are not liable for Carroll's failure to perform any duty not fairly within its terms. *Burlington Insurance Co.* v. *Johnson*, 120 Ill. 622, 626. But even where a bond expressly recites that the sureties shall be liable to the obligee "for all moneys advanced" to the agent and "for any other indebtedness," such bond is held to cover only those payments made for the purpose of the agency business and not to apply to money advanced for the agent's personal use. *Kaufman* v. *Marshall*, 89 Ark. 1; *Byington* v. *Sherman*, 64 Ark. 189; 2 Joyce, Insurance, s. 708. Similarly, a bond conditioned upon payment of advances made to an agent for the express purpose of enlarging his business excludes money advanced for the support of the agent's family. *New York Life Ins. Co.* v. *McDearmon*, 133 Mo. App. 671.

The weekly payments in the present case were advances made against commissions which might later be due. They are correctly characterized in the plaintiff's brief as loans. The contract and bond relate solely to Carroll's transactions in the insurance business and do not include matters beyond the pale of his agency. The contract was made with the plaintiff as general agent and not as an individual. The bond was required to protect the insurance company in matters in which Carroll should represent it but not "to protect personal loans made by officials." *Utter* v. *Leach*, 214 Mich. 31, 34.

Nor is there any merit in the suggestion that the defendants are liable in any event; that even if the advances were not made under the agency contract, they were made under a supplementary agreement. The phrase "supplemental agreements thereto," as used in the contract, obviously means agreements germane to the original contract.

*Exception overruled.*

SNOW, J., did not sit: the others concurred.