18339

Louise Sexton GREENFIELD, as Temporary Administratrix of the Estate of Dewey D. Greenfield, Appellant, v. Albert G. GREENFIELD, James Greenfield and Beatrice Greenfield Sorock, Individually and as Officers, Directors, and/or Stockholders of Named Corporations, Respondents.

(141 S. E. (2d) 920)

Messrs. *Hinson & Hamer,* of Greenville, and *Tinsley & McGowan,* of Greenwood, *for Appellant,*

*Messrs. Grier, McDonald, Todd, Burns & Bradford* and *James D. Jefferies,* of Greenwood, *for Respondents,*

April 21, 1965.

BUSSEY, Justice.

Upon an *ex parte* petition by Louise Sexton Greenfield, the appellant here, the probate court of Greenwood County, on February 9, 1963, appointed her temporary administratrix of the estate of Dewey D. Greenfield, who died as a resident of that County on January 23, 1963, and she proceeded to

qualify, filing a bond in the amount of $25,000. Her petition for such appointment alleged that she was the lawful widow of the decedent.

For a clearer understanding of the facts and issues here involved, we think it proper and necessary to first refer briefly to a companion case between the parties litigant. Decedent left no children, and certain of his brothers and sisters, of whom respondents are two, contended that appellant was not the lawful wife or widow of the decedent. On the basis of this contention, respondents resisted appellant's application for appointment as permanent administratrix. Such contention has been now finally concluded adversely to the respondents in an opinion of this court, 141 S. E. (2d) 916, filed concurrently herewith.

In the instant action, upon the basis of a petition by appellant in her capacity as temporary administratrix, a rule to show cause issued thereupon by the probate court, a return thereto by the respondents, Albert G. Greenfield and Beatrice Greenfield Sorock, (James Greenfield not having been served), and a hearing, the probate court issued an order which, *inter alia,* directed respondents to forthwith deliver to the appellant "all of the assets, books, records, keys, notes, etc. of every kind and nature belonging to the said Dewey D. Greenfield, deceased, at the time of his death, now in their possession * * *."

The respondents having, among other things, challenged the jurisdiction of the probate court to issue such order, appealed to the circuit court, which concluded that the issue before it was whether, "Probate Courts have jurisdiction to determine ownership and/or possession of property and order its transfer by summary proceeding." The circuit court concluded that the probate court did not have such jurisdiction, and that both the rule to show cause and the order issued following the hearing thereon were void *ab initio.* From this order comes this appeal.

With all due respect to the circuit judge, we do not agree with his analysis of the issue presented. We think that he

was possibly misled by attributing undue significance to the general denial portion of the return filed by the respondents, and overlooking the effect of the admissions contained therein.

We fail to see where the pleadings in this matter raised any issue of ownership and/or rights to possession of property as between the parties. On the oral argument of the case before us, counsel for respondents, after request, were unable to point out wherein the pleadings or the record raised any such issue.

As the pleadings are lengthy, and involved numerous things not now in issue, we shall not set them forth, but shall only summarize the portions thereof which we deem to be pertinent to this appeal. In brief, petitioner alleged that respondents had entered the home of decedent shortly after his death and taken and carried away therefrom all of the personal papers, bank statements, operating statements, canceled checks, promissory notes, books, records and accounts appertaining to the personal and business affairs of the decedent, and keys to certain lock boxes in his name, as well as certain jewelry and personal effects of the decedent, all of which respondents refused to surrender to her as qualified temporary administratrix, after both oral and written demand therefor. The return challenged the jurisdiction of the court, denied the petition, except as to matters specifically admitted, inferentially referred to the other proceeding in which appellant's standing as the lawful widow of the decedent was challenged, admitted plaintiff's demand and their refusal, and went on to admit that respondents had possession of certain miscellaneous personal effects of Dewey D. Greenfield, including keys to two of his lock boxes, denying, however, that they had wrongfully taken, removed or retained the same. The allegation that they had not improperly or wrongfully taken or removed the same states, in our view, nothing more than a conclusion. They alleged no title to the items which they admittedly have, and no facts which would lawfully entitle them to the possession thereof.

On the hearing appellant testified at length and was cross-examined, subject to respondents' objection to the jurisdiction of the court. Respondents, on the other hand, did not see fit to take the stand, nor did counsel for appellant or the probate judge seek to swear and examine respondents under oath.

Appellant in her testimony could not describe in detail everything allegedly taken by respondents from the home, but testified that books, papers, records, etc. of the decedent taken by respondents were sufficient to fill boxes. While under the pleadings and the evidence there were involved some items of instrinsic value, such as jewelry, etc., the primary emphasis was and is upon the books, papers, documents, records, etc. of the decedent which normally have little if any intrinsic value, but are essential to an administratrix in the performance of her lawful duties.

The questions involved on this appeal are variously stated by counsel for the respective parties, some of the stated questions being either not raised or moot. We think that, upon the whole record, the primary question here is whether the probate court has the jurisdiction and the power to compel relatives of a decedent to surrender the records of the decedent, which are essential to the administration of the estate, said relatives asserting no facts which would entitle them to the possession thereof. Stated inversely, the issue is, can such relatives, without any claim of title or the assertion of facts which would entitle them to the lawful possession of such records, thwart or indefinitely delay the administration of the estate by withholding such records and compelling the administratrix to go into a court other than the probate court in a claim and delivery action, or possibly a series of such actions in various counties, to gain possession thereof?

With respect to the jurisdiction of the probate court generally, prior to the Constitution of 1868 probate courts did not exist by that name in South Carolina. Since then, however, they have been in existence and have had jurisdiction of "all matters * * * of administration", at

first under Article IV, Section 20, of the Constitution of 1868, and more latterly by virtue of Code Section 15-444, enacted pursuant to Article V, Section 19, of the Constitution of 1895. The probate court is a court of limited jurisdiction owing its present existence to creation by statute, rather than the Constitution, and as such, can exercise only such powers as are directly conferred upon it by legislative enactment and such as may be necessarily incident to the execution of the powers expressly granted. *McCullough v. McCullough,* 242 S. C. 108, 130 S. E. (2d) 77.

Unless Section 19-612 of the Code (hereinafter more fully discussed) does so, no statute has been called to our attention which specifically or expressly vests in the probate court the jurisdiction or power to issue the order here under attack. The applicability of that section to the present controversy being in dispute, we shall first consider, whether independently of such, the issuance of the order by the probate court with respect to the records of the decedent was an exercise by such court of a power which was incidentally necessary to the execution of the jurisdiction or power expressly granted.

The inherent powers of a court, which are essential to its existence and protection and to the due administration of justice within the scope of the jurisdiction expressly conferred, do not depend upon express constitutional or legislative grant. 14 Am. Jur. 370, Courts, Section 171. As above pointed out, the jurisdiction of the probate court in this state over "all matters of * * * administration" has existed since 1868.

In the case of *McNamee v. Waterbury,* 4 S. C. 156, decided just a few years after the adoption of the 1868 Constitution, this court had occasion to consider what was meant by the expression "all matters of administration", and made the following comments:

"The object of administration is to pay the debts of the deceased, and distribute his personal estate among those entitled to it, and any act that may properly be performed by

an administrator looking to this end is a matter of administration. To accomplish this end the administrator is clothed with authority to collect the personal estate and to convert it into a form suitable for the purpose. * * *

"Jurisdiction, in matters of administration means power to do what a Court ought to do in the matter of administration.

"The Constitution furnished a Court on which the administrator may lean, and which can supplement his legal powers by its process. * * *

"The expression 'all' imports an intent to clothe the Probate Court with full power in matters of administration. That it was the intention of the Constitution to clothe that Court with full efficiency, as it regards matters of administration, is evident from the nature of the Court, as established by Sections 1 and 20, Article IV, of the Constitution."

We need not review all of the sections of the Code imposing various duties upon both the administrator and probate court with respect to inventory, appraisal, accounting, tax returns, etc. Suffice it to say that without the books, papers or records of the decedent, neither the administratrix nor the probate court could proceed effectively with the matters of administration at hand. Under the circumstances, we think it clear that the probate court had the power to order such delivered by intermeddlers who had no title or right thereto. This power, we think, is one which is of necessity incident to the jurisdiction expressly granted the probate court over all matters of administration.

To hold that under such circumstances the probate court cannot proceed and that the administratix is required to first go into some court through a claim and delivery proceeding, as contended by respondents, would render the probate court ineffective to exercise the jurisdiction expressly granted to it. Such a holding could completely defeat the administration of the estate. As a practical matter, the administratrix is unable to precisely describe all of the records withheld by respondents for the purpose of a proper affidavit in claim

and delivery; she has no way of putting an intrinsic value thereupon for the purpose of an undertaking. She does not know just where the records are or how many actions in how many different counties she would have to institute and conclude, before even commencing the administration of the estate.

To this point we have been primarily concerned with the ordered delivery of all the records of the decedent, but we also think there was no error in the probate court ordering the respondents to deliver to the administratrix the other personal effects of the decedent.

Much of the briefs of counsel for both parties are devoted to the question of whether Sections 19-611 and 19-612 of the Code (which define executors *de son tort* and fix the procedure, rights and remedies against such) are here applicable. It does not appear that either of these sections was relied upon by the probate judge or specifically cited to the circuit judge, nor does it clearly appear that they were relied upon by counsel for the appellant prior to the appeal to this court. The petition to the probate court did not refer to respondents as being executors *de son tort,* nor did it ask specifically for the procedure or relief provided under Section 19-612. It did, however, ask for such other and further relief as the court might deem necessary in order that the petitioner might adequately preserve and protect the assets of the estate.

In view of the decision in the case of *Haley v. Thames,* 30 S. C. 270, 9 S. E. 110, it would appear that the respondents here did not occupy the relationship of executor *de son tort* prior to the appointment of appellant as temporary administratrix. We think it equally clear, however, that under the facts as disclosed by the pleadings and evidence here, they occupied such relationship to the estate after the appointment of the temporary administratrix, as a matter of law, even though the particular Code sections were not relied upon.

We have already held that independently of these ■ Code Sections, the order of the probate court was within its jurisdiction with respect to the books, records, etc. of the decedent. Since we deem these Code sections to be applicable to the controversy, we think Section 19-612 specifically authorized the probate court to order the delivery of not only the records, etc. but the other personal property or effects of the decedent.

Respondents argue that even if the executor *de son tort* statutes be applicable, the order of the probate court was still improper in that such is not in compliance with the provisions of Section 19-612, which is as follows:

"The judge of probate of the county in which a deceased person may have died may, either of his own accord or at the instance of any creditor or other person interested in the estate of the deceased cite before him such person as, neither being appointed executor not having obtained administration of the effects of such deceased person, shall nevertheless possess himself of the goods, chattels, rights and credits of such person deceased and, upon such person being cited as aforesaid, the judge of probate shall require of him a discovery and account of all and singular the goods, chattels, rights and credits of the deceased and shall proceed to decree against him for the value of the estate and effects of the deceased which he may have wasted or which may have been lost by his illegal interference, charging him as executors of their own wrong are made liable at common law, as far as assets shall have come into his hands."

The respondents argue that the probate judge did not require of them a discovery and account, in that the respondents were not put upon the stand and examined under oath. The probate court may well have done so for the purpose of discovering more precisely just what assets of the decedent were held by respondents, but it was unnecessary to interrogate them under oath to discover that they had some assets of the decedent, since they admitted the possession of certain assets with respect to which the probate court had the right and power to require them to account.

The fact that the probate court did not interrogate them under oath, we think, did not deprive it of the power to enter an order against respondents with respect to all items belonging to decedent which they admittedly had possession of. The order of the probate court did nothing more than order them to account for such items by delivering the same to the administratrix.

It is further argued by respondents that in view of the language of the statute the only decree which the probate court could have entered against them in any event would have been one for "the value of the estate and the effects of the deceased", rather than a judgment for delivery of the specific assets. We do not think this argument sound. The statutory provision, in our view, specifically authorizes the probate court to require of respondents "[an] account of all and singular the goods, chattels, rights and credits of the deceased", which language contemplates the actual delivery thereof, if such have not been wasted or lost. Secondly, the statute authorizes the entry of a judgment against the executor *de son tort* for the value of such assets as may have been wasted or lost by the illegal interference, but not for the value of such assets as are still held intact by the executor *de son tort*.

No case has come to our attention, from this or any other jurisdiction, wherein a court has been called upon to interpret or construe the precise statutory language here, "require * * * [an] account of". A number of courts, however, have had occasion to consider the meaning of the words "account for", and other synonymous expressions. Such have been generally construed as an expression standing in opposition to the right of appropriation for one's own use and benefit. *Kenney v. Barry,* 86 N. H. 35, 162 A. 774; *United States v. Rehwald,* D. C. Cal., 44 F. (2d) 663; *Thomas v. Mahan,* 4 Me. (4 Greenl.) 513, 520. In the case of In Re Pringle's Estate, 51 Wyo. 352, 67 P. (2d) 204, 208, 110 A. L. R. 987, it was held that until one has paid (money) or delivered over property to those legally entitled thereto he has not "accounted" therefor.

Independently of the foregoing persuasive authority, ■ we think the language of the statute is clear and reflects an intention by the legislature to authorize the probate court to require an executor *de son tort* to account for assets not wasted or lost by delivering the same to the administratrix.

All other questions raised and argued on this appeal are now, for one reason or another, moot. For the reasons hereinabove set forth, we think that his Honor the circuit judge was in error in reversing, in its entirety, the order of the probate court, and the judgment below is, accordingly, reversed insofar as it is inconsistent with the views herein expressed, and the cause remanded for such further proceedings as may be necessary in the light of this opinion.

Reversed and remanded.

TAYLOR, C. J., Moss and LEWIS, JJ., and LIONEL K. LEGGE, Acting J., concur.