0302

Laurie C. SHELLEY, Respondent, v. SOUTH CAROLINA DEPARTMENT
OF MENTAL HEALTH, Appellant.

(322 S. E. (2d) 687)

Court of Appeals

*Atty. Gen. T. Travis Medlock, Retired Atty. Gen. Daniel R. McLeod* and *Kennerly M. McLendon,* Columbia, *for appellant.*

*William S. Derrick* and *Timothy H. Pogue,* of *Derrick & Pogue,* Marion, *for respondent.*

Heard Sept. 24, 1984.

Decided Oct. 29, 1984.

CURETON, Judge:

Laurie Shelley, the administrator of the estate of Tressie Pratt, deceased, brought this declaratory judgment action in the court of common pleas to dissolve the statutory lien of the South Carolina Department of Mental Health for care given Mrs. Pratt. The Department of Mental Health demurred to the complaint on the ground the probate court had exclusive jurisdiction of the action, the administration of the estate already having been initiated there. The circuit court over-ruled the demurrer and the Department of Mental Health appealed. We affirm.

The jurisdiction of the probate court is purely statutory and is set forth in Section 14-23-1150 of the 1983 Supplement to the 1976 Code of Laws of South Carolina:

> Every judge of probate in his county, shall have jurisdiction:
>
> (a) In all matters testamentary and of administration, including jurisdiction in such matters to declare rights, status and other legal relations whether or not further relief is or could be claimed. . . .

The issue here is whether the administrator's action to dissolve a lien on the decedent's estate is a "matter of administration."

In *McNamee v. Waterbury,* 4 S. C. 156, 163 (1872), the Court examined the meaning of the phrase "matters of administration" and stated:

> The object of administration is to [1] pay the debts of the deceased, and [2] distribute his personal estate among those entitled to it [;] any act that may properly be performed by an administrator looking to this end is a matter of administration. To accomplish this end the administrator is clothed with authority [1] to collect the personal estate and [2] to convert it into a form suitable for the purpose.

*Accord, Greenfield v. Greenfield*, 245 S. C. 604, 141 S. E. (2d) 920 (1965).

An administrator's action to dissolve a lien of a creditor of the estate is neither in furtherance of establishing and paying the debts of the deceased nor of distributing the personal estate. Since the lien is not the debt but merely a charge upon the property for payment of the debt, dissolution of the lien does not eradicate the debt. *Powers v. Fidelity & Deposit Company of Maryland*, 180 S. C. 501, 509, 186 S. E. 523, 527 (1936). The administrator was under no duty to bring this action nor was the action necessary to the proper winding-up of the decedent's estate. Since this action does not constitute "a matter of administration," we hold that the probate court lacked jurisdiction of the subject matter.

Moreover, we hold that the probate court lacked jurisdiction of the cause because the action is equitable in nature. Our courts recognize that an action to dissolve a lien is an action in equity. *Gantt v. Van der Hoek*, 251 S. C. 307, 313, 162 S. E. (2d) 267, 273 (1968). The statutory grant of jurisdiction "in all matters testamentary and of administration" does not embrace jurisdiction of an equitable action distinct from and not ancillary to the administration of the estate. *Mack v. Stanley*, 190 S. C. 300, 308, 2 S. E. (2d) 792, 795 (1939); *Beckwith v. McAlister*, 165 S. C. 1, 162 S. E. 623 (1932); *Caldwell v. Little*, 15 S. C. 236 (1880); *cf. Davenport v. Caldwell*, 10 S. C. 317 (1877) (Probate court has no jurisdiction in action against administrator for partition). The action before us is not an ancillary action in aid of the administration of Mrs. Pratt's estate. Therefore, the action was properly commenced in the court of common pleas which possesses general equity jurisdiction.

For the reasons stated, the order of the circuit court overruling the demurrer of the Department of Mental Health is affirmed.

Affirmed.

SANDERS, C. J., and GARDNER, J., concur.